# BENJAMIN DAVIS *& al. vs.* ISAAC THOMPSON.

A written authority from one to another to give a lease to a third person, on terms previously offered in writing by such third person, is not in itself a lease.

Thus, where C. by letter requested H. to obtain from T. his best terms for the rent of C's store; and T. made a proposition in writing to H. stating the terms on which he would take it for two years, a copy of which was sent by H. to C., who thereupon addressed a letter to H. authorising him " to conclude the business accordingly ;" and H. made only a verbal agreement with T. that he should have the store on the terms offered; it was *held*, that this did not amount to a written lease, or agreement with T., that he might hold for the term.

A tenancy at will may be determined at any time at the will of either party ; and *notice* to quit the premises, or of surrender thereof, does of itself terminate the tenancy at the time the notice is given.

Where a tenancy at will is determined by the *lessor*, the tenant is entitled to the emblements, and to a *reasonable time only* for the removal of his family and property, with the free ingress, egress and regress for the enjoyment of these rights.

The process to obtain possession under the statute of forcible entry and detainer, may be maintained against a tenant at will, at the expiration of thirty days from the time *notice in writing* to quit the premises is given. Under that statute *notice in writing* to quit, terminates the tenancy at will; and thirty days after such notice is given is the reasonable time allowed to the tenant to remove.

EXCEPTIONS from the Court of Common Pleas.

This was a process under the statute of *forcible entry* and *detainer,* originally commenced before a Justice of the Peace and of the Quorum, in which the complainants alleged seisin of certain land and buildings, in *Augusta,* by virtue of a deed from *Caleb S. Carter* to them, dated *March* 2, 1835. The respondent pleaded title in himself by virtue of a lease from said *Carter,* to him, commencing on the first day of *October,* 1834, to continue two years.

The complainants, to maintain the process on their part, introduced a deed from said *Carter,* dated *March* 2, 1835, and also an admission in writing from the respondent, that the complainants, more than thirty days before the commencement of the process, gave him a written notice to quit and deliver up the premises to them, and that he refused.

The respondent then proved by one *Hamlen*, that in the summer or autumn of 1834, *Carter* requested him by letter, to obtain from the respondent in writing, his best terms upon which he would hire the premises ; that he did obtain such written terms, offering to pay a certain sum annually for the term of two years ; that he kept the original in his possession, and sent a copy to *Carter* at *Portland* ; that *Carter* immediately replied by letter to *Hamlen*, stating that he accepted *Thompson's* terms, and authorized *Hamlen* " to conclude the business accordingly ; which letter was exhibited by *Hamlen* to *Thompson*, and *Hamlen* without any other writing authorised *Thompson* to occupy the premises ; said *Hamlen* retaining the writing containing the terms of *Thompson*, and the letter of *Carter*, in his own hands."

The respondent, by his counsel, contended, and requested the Judge to instruct the jury, that the two letters, the one from *Thompson*, and the other from *Carter*, in connexion with the facts proved, of themselves constituted a lease, and that no further act was necessary to be done on the part of *Hamlen*, he being the agent of both parties, and holding letters of both, which constituted the lease. But *Smith J.*, before whom the trial was had, declined so instructing the jury ; leaving it to the jury to determine from the whole evidence, whether *Carter*, before his deed to the complainants, had by any instrument or agreement in writing, directed to or intended for *Thompson*, authorized him to occupy the premises for the term mentioned in the proposals ; and if the jury should find, that said *Carter* had thus authorized the said *Thompson*, they should find a verdict for the respondent ; but if the jury should be satisfied, that *Carter* had in writing, only constituted *Hamlen* to be his agent, to close the bargain and lease the premises according to the instructions he had received from *Carter* and *Hamlen*, by parol and without any instrument or agreement in writing, authorised *Thompson* to occupy accordingly ; the authority thus given by *Hamlen* to *Thompson* constituted him a tenant at will only, and after thirty drys' notice, that tenancy was determined, and the jury ought to find for the complainants. The verdict was for the complainants. To the instruction of the court the respondent excepted.

*Vose*, for the respondent, urged :

1. The respondent, at the time of the institution of this process, was in possession of the premises by virtue of a written lease, or what was equivalent thereto.

Any words, which show the intention of the parties, that one shall divest himself of the possession, and the other come into it for a certain time, whether they run in the form of a license, covenant or agreement, are of themselves sufficient, and will in law amount to a lease. 4 *Cruise's Dig. title Lease* ; 4 *Bac. Ab. title Lease, K; Shippey* v. *Denison,* 5 *Esp. R.* 193 ; *Saunderson* v. *Jackson,* 3 *Esp. R.* 181 ; *same case,* 2 *B. & Pul.* 238 ; 1 *Strange,* 426 ; *Sugden on Vendors,* 65, 67, 68 ; *Baxter* v. *Brown,* 2 *Wm. Blackstone,* 973.

2. But if the respondent had not a valid lease within the statute of frauds, still the process cannot be maintained. He held then under a parol lease for two years, and this is a tenancy from year to year ; and in such case, if the landlord chooses to put an end to this tenancy, he must give at least six months notice to quit and deliver up the premises. The complainants who purchased of *Carter* took no greater rights than he had ; for where a tenancy from year to year has once commenced, it continues against any person to whom the lessor afterwards may grant the reversion. 1 *Cruise Dig.* 285 ; *Birch* v. *Wright,* 1 *T. R.* 378. In *England* and in *New York* the law is settled, that six months notice to quit is necessary. *Clayton* v. *Blakey,* 8 *T. R.* 3 ; *Riggs* v. *Bell,* 5 *T. R.* 471 ; *Doe* v. *Porter,* 3 *T. R.* 13 ; 1 *Cruise,* 284 ; *Jackson* v. *Bryan,* 1 *Johns. R.* 322. And in *Massachusetts,* it is by no means settled, that six months notice are not necessary. *Coffin* v. *Lunt,* 2 *Pick.* 70, *note.*

3. If the Court should be of opinion, that the respondent is but a tenant at will, and is not entitled to six months notice to quit ; still this process cannot be maintained.

He is by all the decisions entitled to a reasonable time to remove after notice, and that must at least be thirty days. During this time he is legally in possession, and the statute notice must have been given after that time. Here there was but one notice, and therefore cannot be considered both a notice to quit, and the statute notice, which can be good only when given after the right

to hold the possession has ceased. *Rising* v. *Stannard*, 17 *Mass. R.* 282; *Keay* v. *Goodwin*, 16 *Mass. R.* 1; *Ellis* v. *Paige*, 1 *Pick.* 43.

*Potter*, for the complainants.

The respondent never had a greater estate in the premises, than a tenancy at will. On his part, it was a mere proposition to hire for two years, made to *Hamlen*. On the part of *Carter*, there was only a written authority constituting *Hamlen* his agent to lease the premises. If he had kept this authority in his pocket, and had never authorized the respondent by parol to remain on the premises, there would have been no pretence, that it gave him any right whatever. The authority to the agent was to do some act, whereby *Thompson* might obtain the right to remain, as the lessee of *Carter*; but nothing was ever done binding upon either *Carter* or *Thompson*, as it was entirely by parol. Either might put an end to it at his pleasure.

The conveyance from *Carter* to the complainants put an end to all right to occupy under this parol permission. *Rising* v. *Stannard*, 17 *Mass. R.* 282; *Ellis* v. *Paige*, 1 *Pick.* 43; *Keay* v. *Goodwin*, 16 *Mass. R.* 1; 1 *Cruise Dig.* 190.

The correspondence, with the facts in the case, constitute but a parol lease. 4 *Kent's Com.* 130; *Parkhurst* v. *Van Cortlandt*, 1 *Johns. C. R.* 273.

The 4th *sec.* of the *stat.* of forcible entry and detainer does not require any other notice of the determination of the tenant's estate at will, than the notice to quit and deliver up the premises; and the statute expressly provides, that the process shall lie, if the premises are withheld beyond thirty days from the time the notice is given.

WESTON C. J.—The propositions made in writing by the defendant to *Hamlen*, who had been requested by *Carter* to procure them, and the letter from the latter to *Hamlen*, accepting the terms proposed, although in reference to an interest in real estate, may be evidence of an agreement in writing required by the statute of frauds, and binding upon both parties. Many of the cases cited for the defendant, sustain this position. But a more important inquiry is, whether it amounts to a lease; or

merely an agreement to demise, between which there is a clear distinction.

In *Baxter* v. *Browne*, 2 *Bl. Rep.* 973, an agreement for a lease, whereby the lessor did let and set, for twenty-one years from a future day, was held, from the use of these terms, to constitute a lease, such being the interest of the parties, apparent from other circumstances. In *Goodtitle ex dem. Estwick* v. *Way*, 1 *T. R.* 735, a paper, containing words of present contract, " and further, the said *Earl* of *Abingdon* doth hereby agree to let, and the said *Richard Way* agrees to rent and take," upon terms and for a period set forth, one of which was, that *Way* should enter into the possession of the premises immediately, was held to be merely an agreement for a lease, there being a further stipulation in the same paper, that leases with the usual covenants should be made and executed, between the parties, within a limited period. And in *Roe ex dem. Jackson* v. *Ashburner et als.* 5 *T. R.* 163, it was held, that an agreement that another should enjoy, did not amount to a lease, if the parties intended that something further should be done. To the same effect, is the case of *Doe ex dem. Broomfield* v. *Smith*, 6 *East*, 530, and *Morgan ex dem. Downing* v. *Bissell*, 3 *Taunton*, 65. There are other cases, where an agreement has been construed as a present lease, where it was manifest the parties so intended ; although it provided for future instruments of lease, by way of further security.

In the case before us, *Hamlen* had been requested by *Carter* to obtain from the defendant in writing his best terms for the premises. Accordingly the defendant stated in writing to *Hamlen*, upon what terms he would take them, for a further period of two years. A copy of this letter having been furnished by *Hamlen*, to his principal, *Carter*, the latter replied by letter to *Hamlen*, that the proposals were acceptable to him, and requesting him as his agent to conclude the bargain accordingly. It would be going a great way, to hold that this correspondence amounted to a lease. It might be evidence of an agreement for a lease ; although it consisted of a proposal in writing to the agent of one party, the acceptance of which was not communicated in writing to the other party, but to the agent of the same party. *Carter*, in his letter to *Hamlen*, did not regard the business as finished, by

his acceptance of the terms, but authorized and requested *Hamlen*, as his agent, to close the bargain. This was an authority to him to make a lease ; and clearly indicated that something was to be done. The defendant had no written evidence of his right to enjoy the property, which he had a good right to expect, and which *Carter* must be understood to have authorized *Hamlen* to furnish. For although he does not prescribe in what form, he was to close the bargain, yet it must be inferred, that authority was given to do it in a manner, which would be binding at law.

In *Allen* v. *Bennett*, 3 *Taunton*, 169, *Mansfield C. J.*, said, that there had been many cases in chancery, some of which he thought had been carried too far, where the court had picked out a contract from letters, in which the parties never certainly contemplated, that a complete contract was contained. And we are of opinion, that if an agreement for a lease may be picked out of the letters under consideration, they do not amount to a lease ; and that the parties contemplated a close of the bargain by proper instruments.

As the agent, *Hamlen*, did not discharge the trust confided to him in a manner which was effectual at law, it may admit of some question, whether what he said to the defendant gave him any rights whatever ; and if it did not, he remained only tenant at sufferance. But assuming that he was thereby constituted tenant at will, it is insisted that it has the effect of a tenancy from year to year ; or of such a character, as to entitle the defendant to six months notice to quit.

In *Ellis* v. *Paige et al.* 1 *Pick.* 43, the *English* cases, in regard to tenancies from year to year, were held to be inapplicable here, where parol leases have the effect of leases at will only ; and such we understand to be the law and practice of this State. It results, as incident to a tenancy at will, that it may be determined at the will of either party ; and that neither is obliged to give notice of a future day, when the estate shall determine. And this is understood to have been stated by the court in *Ellis* v. *Paige*. It is true, that in *Coffin* v. *Lunt*, 2 *Pick.* 70, *Parker C. J.*, says it is a difficult question, to determine whether a tenant at will is entitled to notice to quit, stating however that the *English* and *New-York* cases do not settle the point here,

where the statute is different. Whatever doubt may be thrown upon the question by this intimation, the opinion of *Wilde J.*, by whom the judgment of the court was delivered in *Ellis* v. *Paige*, has not been overruled ; and it is in accordance with the nature and incidents of an estate at will. *Coke Lit.* 55, a. ; *Bl. Com.* 143. We accede to the doctrine, in which all the court concurred in that case, that where the lessor determines the estate, the lessee is entitled to the emblements, and to a reasonable time for the removal of his family and property, with free ingress, egress and regress for the enjoyment of these rights ; and this is no new principle, but in conformity with the ancient law. If the defendant was tenant at will, in our judgment, when the plaintiff notified him to quit and surrender up the premises, his estate was determined. And we are further of opinion, that the defendant was liable to this process, having held more than thirty days after he had notice in writing to quit ; and that the statute intended that this remedy should be afforded upon written notice given, after thirty days, if the estate had determined, when the notice was given. We do not assent to the correctness of the position, taken by the counsel for the defendant, that notice to quit under the statute could not be given, or the thirty days begin to run, until the tenant had first had a reasonable time to remove, after the determination of the estate. The thirty days' notice is itself the reasonable time required, and must have been so regarded by the statute.

The Judge below was warranted in deciding, as a matter of law, that the letters did not amount to a lease, without the aid of the jury ; but the result is none the less correct for having their sanction.

*Exceptions overruled.*