SARAH CHAMBERLIN v. MICHAEL DONAHUE.

[SEE 41 VT. 306.]

*Ejectment.   Landlord and tenant.   Notice to quit.   Tenancy from year to year.   Determination of tenancy at will, or at sufferance.*

Notice to quit is never necessary, unless the relation of landlord and tenant exists.

If one in possession repudiates the relation of tenant to his landlord, demand of possession or notice to quit, is not necessary.

An agreement to pay rent by the tenant, is an essential element of a tenancy from year to year.

A tenancy at will may always be determined by any act or declaration inconsistent with the continued voluntary relation of landlord and tenant.

Whether one be in possession of land under an implied license, or as tenant at sufferance, or at will, the commencement of an action of ejectment against him by the owner, determines his relation, and his possession thereafter becomes wrongful.

EJECTMENT for certain premises in Peacham. Plea, the general issue, and trial by the court, December term, 1871, Ross, J., presiding.

Guy Chamberlin, husband of the plaintiff, who died about 1858, owned the demanded premises, and occupied them at the time of his decease as a homestead, at which time they were not worth over $500. He left no minor children, but left two daughters; one, married and residing away from home; the other, unmarried and residing at home. No administration was ever granted upon his estate, and said premises were never conveyed after his decease. The unmarried daughter continued to reside upon said premises with the plaintiff, her mother, without any contract or agreement whatever, until she married the defendant, May 8, 1863. At that time, the plaintiff had gone to her other daughter's, in Bradford, leaving this daughter at home occupying the premises, but under no contract for the payment of rent, or other contract, express or implied. The plaintiff returned home the following November, and remained about a year with the defendant and his wife, occupying such part of the premises as she chose. At the time of his marriage, the defendant went into the occupancy and possession of said premises, and continued therein without any claim, and without any contract or understanding with the plaintiff, in relation thereto. About a year after the plaintiff returned home, she sent her brother and her attorney to the defendant, to make some arrangement with him to purchase, rent, or quit, the premises; but he refused to make any arrangement whatever. There never was any understanding, contract, or expectation that the defendant's wife before marriage, or the defendant after marriage, should pay rent; but the plaintiff permitted her daughter before marriage to remain and occupy the premises with her; and the defendant never claimed to occupy except as his wife had, and in her right.

The plaintiff commenced two actions of ejectment against the defendant; one, May 18, 1867, and the other at the December term, 1868; and an action to recover rent, tried at the June term, 1870; all of which failed on technical grounds. . On the first day of November, 1869, and before the commencement of this suit, the plaintiff's attorney, J. P. Lamson, Esq., wrote the defendant to quit the premises by the 15th of May then next, and deposited the letter in the post-office, but the defendant never received it.

On the 9th of May, 1870, the plaintiff caused written notice to be served on the defendant to quit on the 15th of November then next. The defendant was in the occupancy and possession of the premises from the time of his marriage to the time of trial; and the yearly rental value thereof was $45.

The defendant claimed that the foregoing facts created a tenancy from year to year, which could only be terminated by six months' notice to quit at the end of the year, May 8; and that, no such notice having been given, judgment should be for the defendant. But the court held otherwise, and decided that there never was any tenancy of any kind between the parties, but only an implied license from the plaintiff to her daughter before her marriage, to occupy, and that the defendant went in under the same license, and continued to occupy thereunder until the first suit in ejectment was brought, which operated as a revocation of said license, and that it then became the duty of the defendant to quit the premises within a reasonable time, and that, considering that the defendant had crops in the ground, such reasonable time expired November 1, 1867; and rendered judgment for the plaintiff to recover the seisin and possession of said premises, and damages at the rate of $45 per year from November 18, 1867, to the time of trial. Exceptions by the defendant.

*Bliss N. Davis*, for the defendant.

The defendant's wife occupied as tenant at will. 1 Washb. Real Prop. 375, § 24; *Cheever* v. *Pearson, et al.* 16 Pick. 266; *Doe d. Nicholl et als.* v. *M'Keag*, 10 B. & C. 721; *Doe* v. *Wood*, 14 M. & W. 682; *Hanchett* v. *Whitney*, 2 Aik. 240, and 1

Vt. 311. In a tenancy at will, notice to quit is necessary. 1 Washb. Real Prop. 379, § 35. But a tenancy at will becomes a tenancy from year to year. Ib. 379, § 37 ; Smith Land. & Ten. 234 ; *Hanchett* v. *Whitney, supra.*

The court held that there never was any tenancy of any kind. The law determines the relation of the parties, from the facts. An implied license has the same effect as an express license, and an express license can be nothing less than a tenancy at will, and becomes a tenancy from year to year. 1 Washb. Real Prop. 394, § 5. The court must have found that there was a tenancy of some kind, by holding that the commencement of the first ejectment suit, was notice to quit, which the defendant should have respected. This holding was the necessary consequence of the determination of that case, reported in 41 Vt. 306. Service of a writ of ejectment, is notice to the defendant therein that he is regarded as a disseisor ; but, that the service makes him such, is a novel idea in law. If the commencement of that suit operated as notice to quit, it was ineffectual, because it notified him to quit at no particular time. The law says that the landlord must fix the time to quit. But, if the commencement of that suit was notice to quit, or made the defendant a disseisor after the lapse of a reasonable time, the plaintiff waived such notice by commencing her action for rent, wherein she declared that the defendant was her tenant from May 8, 1864, to February, 1870, when that suit was commenced. *Goodright d. Charter* v. *Cordwent,* 6 T. R. 219 ; 1 Washb. Real Prop. 385, § 311 ; *Zouch d. Ward* v. *Willingall,* 1 H. Bl. 311. Giving new notice to quit, was a waiver of the first notice. *Doe d. Brierly* v. *Palmer,* 16 East, 53.

   *J. P. Lamson,* for the plaintiff.

The case negates everything necessary to constitute a tenancy from year to year. The court found that there never was any contract between the plaintiff and her daughter, or between the plaintiff and the defendant, in relation to the occupancy of the premises. The strongest relation between the parties was, that the defendant occupied under an implied license from the plaintiff,

which she could revoke at any time. If the commencement of the first suit in ejectment, was not a revocation of such license, the notice to quit of May 9, 1870, was, and it became the duty of the defendant to quit at the time therein named, which was fully six months from the time notice was given.

The opinion of the court was delivered by

REDFIELD, J. This suit was ejectment to recover possession of plaintiff's homestead in Peacham.

The plaintiff resided on her homestead with an unmarried daughter, and while she was temporarily absent at Bradford, on a visit to her married daughter, the defendant intermarried with the maiden daughter, on the 8th of May, 1863. The plaintiff returned to her home in November, 1863, and occupied the house about a year, the defendant living in the house with the daughter. The daughter, up to the time of her marriage, lived with the plaintiff as a child and member of her family, without any contract or understanding as to her relation with the plaintiff; and after her marriage, the same relation continued as to herself and husband. After living so together for about a year, the plaintiff requested her attorney to make an arrangement with the defendant, either to buy, rent, or quit, the premises. He declined to make any arrangement.

The plaintiff then brought two successive suits in ejectment, and one in assumpsit for rent; all of which failed on technical grounds. Before commencing this suit, the plaintiff, on the 9th of May, 1870, caused notice to be served on the defendant to quit the premises on the 15th of November following. The court find from the evidence, that the defendant was not *tenant* of the plaintiff, but that he had simply lived in her family, and on the premises, as the daughter had before her marriage. The relation between the parties—whether the defendant was in possession of the plaintiff's premises as *tenant*, or otherwise—was a fact, and when found, is conclusive. But it is claimed by the defendant that the special facts found by the court, show that the defendant was tenant at will, and that this relation had been so continual that it had grown into a tenancy from year to year.

When plaintiff's brother and her attorney, Mr. Hale, under-took, in her behalf, to make some arrangement with defendant, he expressly refused to lease or vacate the premises. "No notice to quit is ever necessary, unless the relation of landlord and tenant subsists. If one in possession repudiates the relation of tenant to his landlord, no demand of possession or notice to quit is necessary." 1 Washb. Real Prop. 394, § 42. "An agreement to pay rent on the part of the tenant, is regarded as an essential element of a tenancy from year to year." Ib. 396, § 3. There would seem no ground or reason for claiming that the defendant was in possession as tenant from year to year. And at the time he refused to vacate the premises or pay rent, he was liable to ejectment without further demand or notice. But he was suffered to remain in possession after he had thus defied the owner for some two years, until the commencement of the first suit in ejectment in May, 1867 ; and it is claimed that he should be regarded as entitled to the privileges of a tenant at will, although, without right, he held possession *against* the will of the owner. But a tenancy at will may always be determined by any act or declaration inconsistent with the continued voluntary relation of landlord and tenant : the assertion of title to the possession of the land ; "threatening to take legal means to recover the premises, determines the will." 1 Washb. Real Prop. 384-5, §§ 8, 9, 10. "A demand of possession, without notice to quit, is a sufficient determination of the will." *Doe d. Roby* v. *Maisey*, 8 B. & C. 767. *Doe d. Price* v. *Price*, 9 Bing. 356. In the latter case, the defendant (a brother of the plaintiff) had been let into possession, without any agreement, and had continued to occupy and crop the land for fifteen years. The plaintiff, by his attorney, wrote a letter to the defendant in these words : "Unless you pay what you owe me, I shall take immediate measures to recover possession of the property." It was held a tenancy at will, and that the notice determined the will. Ch. J. Tindal says, in giving judgment : "Anything which amounts to a demand of possession, although not expressed in precise and formal language, is sufficient to indicate the determination of the landlord's will." This defendant had not been quietly in possession for fifteen

years, as in *Doe* v. *Price;* but less than half that term. The plaintiff had not only *threatened* legal measures to obtain the possession, but had been constantly *using* the process and machinery of the law to obtain the possession of her property; and, thus far, baffled by the defiant insolence of the defendant and the subtlety of his counsel. The defendant, if tenant at will, would be entitled to the emblements, if he had any; but in this case, he had six months' notice, and more than he could legally claim.

But, we think that, whether the defendant was in possession by his "implied license," or as tenant at sufferance, or at will, the relation was determined by the suit in ejectment instituted in May, 1867 ; and that, after that, he withheld the possession from the plaintiff wrongfully. The court allowed him to enjoy the emblements without paying rent, until the 18th of November following, which is a leniency, even to the utmost limits allowed by the "common law of England," which the defendant so stoutly invokes.

The judgment of the county court is therefore affirmed.