## AMICK v. BRUBAKER, *Appellant.*

1. **Tenancy at Will.** A written demise without reservation of rent, or named duration of the term, creates a strict tenancy at will.

2. ———— : NOTICE TO QUIT. Where a tenant at will sets up a claim to the estate, as owner, his landlord may treat the tenancy as terminated without notice to quit.

3. **Tenants in Common:** ADVERSE POSSESSION. Where a tenant in common denies in a pleading his cotenant's right, it is evidence of ouster, as well as any other claim to exclusive ownership.

*Appeal from Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

THIS is an action of ejectment. The petition alleges plaintiff's right to the possession of one undivided tenth of the land mentioned and that defendant entered into the premises and unlawfully withholds possession.

The answer admits defendant's possession of the land, but denies generally all other allegations of the petition.

The cause was submitted to the court, sitting as a jury.

The plaintiff's evidence, which was uncontradicted, tended to prove that defendant entered into possession in 1875 under a written contract of lease ( for no definite term ) from George Arnold, and that defendant had ever since remained in possession ; that in 1876 Arnold died leaving ten children as his only heirs at law. Plaintiff, for the purpose of showing that defendant claimed title through said Arnold, was permitted against defendant's objection to read in evidence a deed from one George W. Koontz and wife, conveying to defendant the interest of Koontz's wife in said land as one of the children

and heirs of said Arnold ; said deed having been executed in 1877.   Plaintiff himself testified that Koontz's wife was a child of said Arnold, and that defendant had procured him ( plaintiff ) to negotiate the purchase of said interest for him.

Plaintiff then read in evidence ( against defendant's objection ) a deed from one George J. Arnold to the plaintiff quitclaiming to the latter all interest of George J. Arnold in the land, as one of the heirs of George Arnold, deceased.   George J. Arnold was present as a witness for plaintiff and testified that he was a son of George Arnold, and that his father died in 1876 leaving ten children as his only heirs.   Plaintiff here rested.

Defendant on his part offered uncontroverted evidence tending to prove that for a period of several years prior to the commencement of this suit he was in possession of the land claiming title as an owner thereof, and rested.   This was all the evidence.

Defendant's attorney disclaimed any reliance upon the limitation statute as a defense.

At the instance of the plaintiff the court declared the law as follows :

If the jury shall find from the evidence that the defendant entered into the possession of the land in controversy as the tenant of George Arnold, and that afterwards the said George Arnold died leaving ten children surviving him, and that one of his children conveyed to the plaintiff his undivided interest in said land as shown by the deed to plaintiff read in evidence, then, under the evidence in this case the finding must be for the plaintiff, as the defendant has shown no title from said George Arnold, his landlord, to himself, nor is there any evidence showing that the title of said landlord has passed to defendant.

The finding and judgment were for the plaintiff for possession of an undivided one-tenth of the land, and for damages, rents and profits, from which defendant in due form prosecuted this appeal.

*W. G. Pendleton* for appellant.

There was no evidence that George Arnold ever owned the land. Plaintiff in ejectment must first show title in himself before he can disturb defendant's possession. *Foster v. Evans*, 51 Mo. 39. (2) Admitting that defendant entered into possession as tenant of George Arnold, there was no evidence that the tenancy was ever terminated. "A tenancy once recognized is presumed still to exist," and it devolves upon the landlord or those in privity with him, to show that the tenancy is determined, "either by efflux of time, or by notice, or by forfeiture for breach of condition." 2 Greenl. Ev. [13 Ed.] p. 302, sec. 319. (3) Possession held by one tenant in common alone will not be presumed to be adverse to his cotenant; but it is ordinarily held to be for the latter's benefit so far as preserving his title thereto, the possession of one tenant in common being presumed to be the possession of all. 1 Wash. on Real Prop. [4 Ed.] chap. 13, p. 656, side p. 417, sec. 7.

*Draffen & Williams* for respondent.

(1) *First.* While, ordinarily, it is true, as contended in the first point of appellant's brief, that the plaintiff in ejectment must show title in himself before he can disturb the defendant's possession, yet this rule is inapplicable in this case. "It is hardly necessary to affirm, which is the fact, that the landlord, who brings his action against the tenant, is in no case obliged to prove his title to the demised premises, for the landlord's title is admitted by a tenant who takes a lease from him, and, on the faith of the lease, occupied the premises." Tyler on Eject. & Adv. Enjoyment, p. 550; *Stephens v. Brown*, 56 Mo. 23. *Second.* Again, it was unnecessary for plaintiff to do more than deduce his title from George Arnold, under whom both parties claim. *Butcher v. Rogers*, 60 Mo. 138; *Holland v.*

*Adair*, 55 Mo. 40. ( 2 ) The appellant's second point is untenable under the undisputed evidence in this case. The case of *Stephens v. Brown*, 56 Mo. 23, is directly in point upon this proposition. ( 3 ) The plaintiff, in his petition, alleged that he was entitled to an undivided one-tenth of the land. The defendant's answer expressly denied plaintiff's right. "It is not permissible for a cotenant, in an ejectment suit, to have the benefit of disputing the title of his cotenant and still have the benefit of denying the ouster." Under the pleadings, the ouster stands admitted ; but, even if it did not, the defendant's witnesses supplied all necessary proof. The defendant's third proposition is not well taken, under the issues tendered by the pleadings in this case. *Falconer v. Roberts*, 88 Mo. 574 ; *La Riviere v. La Riviere*, 77 Mo. 512 ; *Peterson v. Laik*, 24 Mo. 541 ; *Harrison v. Taylor*, 33 Mo. 211.

BARCLAY, J.—The facts of this case are few and clear. The briefs show that they are undisputed.

Defendant came into possession of the land as tenant of George Arnold, who afterwards died leaving ten children as his heirs. Plaintiff represents by purchase the interest and estate of one of the heirs.

Defendant's possession originated in a written demise ; but, as the evidence shows no reservation of rent and no duration or limit of its term, it cannot be regarded as having created any greater estate than a strict tenancy at will. *Larned v. Hudson*, 60 N. Y. 102.

The precise nature of the holding after the death of George Arnold, the landlord, we need not determine in view of the undisputed evidence. According to his own showing defendant asserted title to the land as owner for some years before the beginning of this action. If this claim rested on the purchase of Mrs. Koontz's share in the estate as one of the heirs of George Arnold ( as would appear from a deed read at

the trial), then his denial, in the answer, of plaintiff's right, as tenant in common, to possession of one undivided tenth of the land was evidence of an ouster, without adverting to the effect of other abundant evidence that defendant's ownership was claimed by him to be exclusive of plaintiff's title. *Peterson v. Laik*, 24 Mo. 541.

When a tenant at will or by sufferance repudiates that relation and asserts an adverse ownership, the landlord may treat the tenancy as at an end. *Jackson v. French*, 3 Wend. 337; *Chamberlin v. Donahue*, 45 Vt. 50; *Willison v. Watkins*, 3 Peters, 43. The law respecting notice to quit (R. S. 1889, sec. 6371) cannot be successfully invoked by a tenant who has so disclaimed such tenancy any more than it might be if there had been a voluntary and accepted surrender thereof.

These estates are governed by the principles of common law except as altered by statutes. There is nothing in the latter to preclude the termination of such interests, in many instances, by act of the parties or of the law otherwise than by notice to quit. The conceded facts of this case, as already shown, present one of such instances and upon them plaintiff was entitled to recover the undivided one-tenth interest in the property which the trial court adjudged to him. We all agree to affirm its judgment.