Barlow *v.* Wainwright.

---

SIDNEY BARLOW *v.* EDWARD WAINWRIGHT.

A tenancy by a parol lease for a term of years, which, under the Revised Statutes, chap. 60, sec. 21, is at first an estate at will only, by the continuance of possession and payment of rent by the lessee for several years, (in this case three years,) becomes a tenancy from year to year.

When a tenancy, which is in its inception an estate at will only, thus becomes a tenancy from year to year, the tenant cannot, at any time during the year, at pleasure, surrender the premises, against the will of the landlord, and thus excuse himself from the payment of accruing rent.

Nor is it any defence for the tenant, in such case, when sued by the landlord in assumpsit for the use and occupation of the premises, that he in fact abandoned the possession of the premises. If the tenancy remain undetermined, the tenant is liable for rent, whether he in fact occupy the premises, or not.

Nor does it alter the rights of the parties, that the tenant, after having been in possession of the premises for a few months, associated with himself a partner in the business carried on by him on the premises,—no new agreement being made with the landlord, in relation to the occupancy.

And the parol agreement between the parties in such case, which is acted upon by them until the estate becomes a tenancy from year to year, will still govern their rights as to the amount of rent and the time of payment.

ASSUMPSIT for the use and occupation of a store in Burlington, Plea, the general issue, and trial by the court, September Term. 1847,—BENNETT, J., presiding.

It appeared on trial, that the plaintiff was the owner of the store in question, and that the defendant, on the twenty second day of July, 1841, hired it of the plaintiff, by parol agreement, for the term of five years, commencing from the first day of April, 1841, at an annual rent of $125,00, one half payable on the first day of April and the residue on the first day of October in each year ; that the defendant took possession of the store, under that agreement, and remained from two to four months, one Carlos Wainwright having charge of the store as his agent ; that the defendant then formed a co-partnership with one Alonzo A. Wainwright, under the firm of E. & A. A. Wainwright, and the firm occupied the store for about two years, the rent being paid from the funds of the firm,

during that time, by Carlos Wainwright, who still continued to have charge of the store,—but there was no evidence of any new agreement having been made between the plaintiff and the firm of E. & A. A. Wainwright in reference to the store; that then the firm of E. & A. A. Wainwright was dissolved, and the business at the store passed again into the hands of the defendant, and he occupied the store, without any new agreement, at the same rent, until the twenty first or twenty second day of July, 1844; that the defendant then left the store, and, on the twenty second day of July, 1844, tendered to the plaintiff the possession and the key, and paid all the rent due to that day, but nothing beyond it, at the rate of $125 per year; and that the plaintiff then declined to receive the possession of the store, and it remained vacant from that time until the twenty eighth of November, 1844, when the plaintiff leased it, at a rent of $135,00 per year, to another person, who went into the possession. It appeared, that during all the time the store was occupied as above stated, the rent had been paid semi-annually, on the first days in April and October in each year.

Upon these facts the plaintiff claimed to recover the rent of the store from the twenty second day of July to the twenty eighth day of November, 1844, during which period the store had remained vacant. The court decided, that the plaintiff was entitled to recover the rent from the twenty second day of July to the first day of October, 1844, at the rate of $125 per year, and rendered judgment accordingly. Exceptions by defendant.

*Smalley & Phelps* for defendant.

The possession of the defendant being under an express contract to occupy for five years from a given day, no tenancy from year to year can be implied, and no notice of an intention to quit was necessary. *Messenger* v. *Armstrong*, 1 T. R. 54. *Right* v. *Darby*, Ib. 162. *Ellis* v. *Paige*, 1 Pick. 43. Nor was the special contract, though by parol, void, *as between the parties*, under the statute of this state. If the defendant left the premises, before the five years expired, the plaintiff's remedy would be by action upon the contract; and if the statute of frauds interposed to take away that remedy, it would not justify the plaintiff in implying a tenancy from year to year in opposition to the express contract. *Hollis* v.

*Pool,* 3 Met. 350. Neither does chap. 60, sec. 21, of the Rev. St. vary the rights of the parties. But if the case is within that statute, and the tenancy of the defendant thereby became a tenancy at will, there is no authority for converting it into a tenancy from year to year. *Nichols* v. *Williams,* 8 Cow. 13. 1 Pick. 48. 3 Met. 350. *Rising* v. *Stannard,* 17 Mass. 286. And it is well settled, that a tenant at will is not entitled to notice to quit. *Keech* v. *Hall,* Doug. 21. *Timmins* v. *Rowlison,* 1 Bl. R. 533. *Thunder* v. *Belcher,* 3 East 449.

Even if the occupancy, as it existed, created a tenancy from year to year, it was not against the defendant, but against the firm of E. & A. A. Wainwright. *Hamerton* v. *Stead,* 3 B. & C. 478, [10 E. C. L. 159.]

If the defendant were tenant from year to year, commencing on the first of April and paying rent semi-annually, and left, without notice, in July, he was clearly holden for the rent until the first of April following, inasmuch as the plaintiff was entitled to six months' notice, *ending with the half year.* If so, the defendant was likewise entitled to the premises during that time, and might have resumed possession; and the plaintiff, by re-letting the premises, rescinded the implied contract and waived his right under it. *Hall* v. *Burgess,* 5 B. & C. 332, [11 E. C. L. 246.] *Walls* v. *Atcheson,* 2 C. & P. 218, [12 E. C. L. 125.] 1 T. R. 162. The right of the plaintiff was entire. There is no rule of law, upon which the court can divide the claim and give damages for the time the premises remained vacant.

*C. Russell* for plaintiff.

1. The lease, being by parol, created an estate at will only, and the occupancy of the defendant under it was in law a tenancy from year to year, and was one in which notice to quit was necessary, to determine the tenancy. Rev. St., c. 60, §§ 6, 21. 2 Phil. Ev. 356. Rob. on Frauds 242. Adams on Ej. 108. *Riggs* v. *Bell,* 5 T. R. 471. *Clayton* v. *Blakey,* 8 Ib. 3. *Schuyler* v. *Leggett,* 2 Cow. 660. *Bradley* v. *Covel,* 4 Ib. 349.

2. The defendant is liable to an action for use and occupation of the store from the twenty second of July to the first of October, 1844, notwithstanding he abandoned the posession. The tenancy

was not determined, until after the half year's rent, payable October 1, 1844, became due, and therefore the right of action for the rent due on that day was complete in the plaintiff. *Whitehead* v. *Clifford*, 5 Taunt. 518, [1 E. C. L. 173.] 3 Steph. N. P. 2724.

3. The defendant's having taken a partner, in the business carried on in the store, for a part of the time the store was occupied, cannot alter the nature of the tenancy, nor vary the plaintiff's right of recovery. *Benson* v. *Bolles,* 8 Wend. 175.

The opinion of the court was delivered by

BENNETT, J.   It seems from the bill of exceptions, that the defendant hired of the plaintiff his store, by a verbal contract, for the period of five years from the first of April, 1841, at an annual rent of one hundred and twenty five dollars, payable semi-annually, on the first days of April and October in each year, and that the defendant went into possession, under the parol agreement, and the occupancy was continued until the twenty first or twenty second of July, 1844, when the defendant quit the possession of the store, and offered to give up the key and the possession to the plaintiff, which the plaintiff then declined to receive.   The store remained vacant until the twenty eighth of November, 1844, when the plaintiff leased it to another person, at an increased rent of ten dollars, who went into possession under his lease.   The case farther finds, that the rent had been semi-annually paid, on the first days of April and October, until the time, when the defendant quit the possession in July, 1844.   The county court held, that the plaintiff should recover that portion of the half year's rent, falling due the first of October, 1844, which had not been paid; to which the defendant excepted.

Though in the court below the plaintiff claimed to recover rent to the time, when he took possession by his tenant, that is, to the twenty eighth of November, 1844, yet there is no exception on his part; and the county court, in disallowing the rent to the extent claimed, probably proceeded upon the ground, that the rent could not be *apportioned.*   The correctness or incorrectness of such an opinion we are not now called upon to revise.

The only question now is, has the defendant any ground, upon which he can assign error.   We think not.   It is true, the Revised Statutes, chap. 60, sec. 21, declare, that all interests or estates in

lands, created without any instrument in writing, shall have the force and effect of estates at will *only ;* yet we think, that this estate, when once created, may, like any other estate *at will*, by subsequent events, be changed into a tenancy from year to year. In the case before us the lessee entered into possession, and the possession was continued from year to year, until July, 1844, and the rents semi-annually paid by the lessee and accepted by the landlord. From these facts a new agreement may well be presumed, and the estate, which was originally created by the statute as an estate *only at will,* expands into a holding from year to year.

This is the settled doctrine of the English courts, under their statute of frauds, which enacts, that all parol leases of land shall have the force and effect of leases or estates *at will only.* See *Rigge* v. *Bell,* 5 T. R. 471. *Clayton* v. *Blakey,* 8 T. R. 3. *Doe* v. *Weller,* 7 T. R. 478. *Roe* v. *Rees,* 2 Bl. R. 1171. See, also, 2 Cow. 660, and 8 Cow. 227, in which the courts of New York declared the law of that state to be the same. We think the words of our statute are satisfied by holding, that, *in the first instance,* the estate created in the present case was an estate at will, and only an estate at will, yet that it should enure, like other estates at will, and have the incidents common to an estate at will, one of which is its *convertibility* into a holding from year to year by the payment of rent. To go farther, and hold, that the estate, created under the statute as an *estate at will,* must ever remain such, would be to go beyond the statute, and evidently contravene its provisions, rather than obey them. The expression in the statute, "shall have the force and effect of estates at will only," evidently implies, as we think, that they should in every respect enure as a lease at will.

This question is not altogether new in this state. In the case of *Hanchet* v. *Whitney,* 2 Aik. 240, it was held, that an estate at will, created, under the statute then in force, by means of a parol lease, having run for a period of five years, was converted into a tenancy from year to year. The provision of the statute of 1797, then in force, was in effect the same as our present statute.

We do not discover, that the sixth section of chapter 60 of the Revised Statutes, page 312, to which the court have been referred, has any special bearing upon the question. The provision in that section, that any lease for more than one year shall not be good and

effectual against any other person than the lessor and his heirs, unless the same has been acknowledged and recorded, answers to a like provision in the fifth section of the statute of 1797. The provisions of the statute are the same as to deeds, which remain unacknowledged and unrecorded.

I am aware, that in Massachusetts, in the case of *Ellis* v. *Paige et al.,* 1 Pick. 43, and in *Hollis* v. *Pool,* 3 Met. 551, it was held, that under their statute of 1793 a person entering under a *parol* lease for any certain time shall not, even after occupation and payment of rent, be treated as a tenant from year to year, but shall at all times be regarded as a tenant at will. The statute of Massachusetts is very similar in its phraseology to our statute of 1797. It enacts, that parol leases shall have the effect of leases or estates *at will only,* and shall not, at law or equity, be deemed or taken to have any other or greater force and effect. Though the statute of that state, as well as the statute of this state, is decisive against the creation of a tenancy from year to year in the first instance, yet I do not see, how the reasoning of the court in those cases applies against the growth of an estate at will, created under the statute, into a tenancy from year to year.

It is true, the English statute of frauds has an exception, as to leases not exceeding the term of three years; and this is dwelt upon by the court of Massachusetts, as a reason why the decisions of the courts in England, under their statute, should not furnish a rule for them. I must confess, that I do not see the force of the reasoning of the court, which would prevent an estate at will from being turned into a tenancy from year to year in Massachusetts, and allow it under the English statute. In the case of *Hanchet* v. *Whitney* it was not supposed, that our statute of 1797 would have any other or greater effect, than the English statute, and that both alike, in the first instance, declared that the estate created by a verbal lease was only an estate at will, unless it came within the exception of the English statute, and that under our statute it might be turned into a tenancy from year to year, as well as in England. The court of Maine, in the case of *Davis* v. *Thompson,* 13 Maine 214, under a similar statute, have followed the Massachusetts' cases; but no new views of the question are presented, and for myself I cannot coincide with those cases.

Barlow *v.* Wainwright.

It is said by TINDAL, Ch. J., in 7 Bing. 458, that "if a party enters and pays rent, a new agreement may be presumed," and that this is the ground of turning the tenancy into a holding from year to year. See, also, *Cox* v *Bent*, 5 Bing. 185. In such case the tenant is entitled to six months' notice, ending with the expiration of the year; and without this the landlord cannot eject him. From this it should follow, that the defendant could not, at any time during the year, at pleasure, surrender the premises against the will of his landlord, and thus excuse himself from the payment of accruing rent.

But suppose we regard the continuing interest of the defendant in the store to be still only that of a tenant at will, does it follow, that the defendant could have the right at any time, *without previous notice*, to determine his estate, and thus excuse himself from all liability to accruing rents? And could he especially do it in this case, at least, until the six months' rent, to become due the first of October, 1844, had fully accrued? He had seen fit to hold over after the first of April, 1844, and could he determine his estate, while the next six months were running, and thereby acquire the right to apportion the six months' rent then accruing? But for myself I do not deem it important to recur to this ground. I am fully satisfied to treat it as a tenancy from year to year.

It is no defence in this case, that the defendant abandoned the possession of the store. If the tenancy remained undetermined, he is liable for rent, whether he in fact occupied the store, or not. 3 Steph. N. P. 2724. *Redpath* v. *Roberts*, 3 Esp. R. 225. The plaintiff, however, cannot claim rent from this defendant after his lease of the twenty eighth of November, 1844; and the county court limited his right to recover rent ending with the six months' rent due the first of October, 1844, and this, no doubt, upon the ground, that the plaintiff could not determine the tenancy, while the next six months were running, and thus acquire the right of *apportionment*. The plaintiff re-possessed himself of the store by and through his new tenant.

The fact, that the defendant, after having been in possession a few months, took a partner in the business carried on in the store, cannot alter the case. No new agreement was made, in relation to the occupancy of the store, with the plaintiff. The partner

of the defendant might well be considered, for the time being, as in under him, at least, as a *quasi* tenant. Besides it appears, that after about two years the partners dissolved their connection, and the store was again occupied by the defendant individually.

We then think, the court below were right in their view of the law, and that, although the contract was modified, yet it was not entirely destroyed, and should govern the rights of the parties, as to the amount of rent, and the times when the same became payable. See *Schuyler* v. *Leggett*, 2 Cow. 660.

The result is, the judgment of the county court is affirmed.