DAVID  SILSBY  *v.*  A.  J.  ALLEN.

*Estate  at  Will.      Tenancy  from  Year  to  Year.      Convertibility.*
*Notice.      Trespass.*

An  estate  at  will  is  converted  into  a  tenancy  from  year  to  year  by  the  payment  of  rent ;
  and  the  conversion  is  wrought,  not  by  the  length  of  time  that  the  tenant  holds  and
  pays  rent,  but  by  the  fact  that  the  tenant  enters  and  holds.under  a  stipulation  to  pay
  annual  rent,  and  pays  accordingly.
When  the  estate  becomes  converted  to  a  tenancy  from  year  to  year,  six  months  notice
  of  the  termination  of  the  tenancy,  and  looking  to  the  end  of  the  year,  is  necessary.

ACTION,  TRESPASS.   Plea,  the  general  issue and  notice.   Trial by jury, June  term,  1870,  STEELE,  J.,  presiding.   Verdict for  the defendant.

On  the 8th of  January,  1867,  plaintiff  went into  occupation  of a  part  of  the  " Allen  Block,"  in  St.  Johnsbury,  under  a  parol agreement  of  lease made  with  defendant's agent,  Sias Randall,  to pay as  rent  $100 if  he  occupied  a  year ;  if  less than  a  year,  then $10 per  month.   Within  sixty  days  plaintiff  notified  said Randall

he should occupy a year. On the 6th of April, 1867, Randall called on plaintiff and told him he had an opportunity to rent for five years the tenement plaintiff was occupying, and also with it two other rooms then vacant, and desired to do so unless plaintiff would take them. Plaintiff then agreed to take the two rooms in addition to those first leased, and to keep the whole five years, at $160 a year, and went into immediate possession of the other two rooms, rent by agreement to be reckoned from April 8, 1867, the plaintiff paying, April 8, 1867, for the three months rent on the tenement leased originally. Plaintiff's rent at $160 a year was to be paid quarterly, and it was so paid promptly as long as plaintiff or his tenants occupied. At the time plaintiff and Randall made the agreement of April 6, 1867, Randall explained he could make no written lease himself, but promised plaintiff to procure one from Allen, who was then in Portland. Plaintiff frequently called for it, but Randall did not get it. The plaintiff occupied the premises first for a clothing store and bed-room, and leased one undivided half of a small room to Matthews & Pettingill. The plaintiff sold out his goods to a firm called Cutting & Silsby, and in a few months bought them back and resumed trade with a partner. After this, late in 1868, plaintiff removed his goods to another store, and during the fall and early winter of 1868, plaintiff used the store he rented of defendant's agent for a store-house to keep wool, which he was buying to a large amount. In January, 1869, plaintiff removed from the store the wool, having sold it all out. There was then left in the store a small quantity of summer clothing which plaintiff did not remove to the new store with his other goods. This clothing was left in a couple of drawers in the store. There was also a bed and its furniture in the bed-room, but the room was not occupied as a bed-room. The plaintiff also had some oats in the store. This was the state of things, the tenement being used only to store said articles, from that time down to the time when defendant committed the acts complained of.

On the 7th of April, 1869, the defendant notified the plaintiff that he wanted the premises. On the 8th day of April, 1869, the plaintiff paid defendant the rent due him for the quarter ending

that day. When it was paid, defendant told plaintiff that he claimed the premises from that time. Plaintiff did not acknowledge the correctness of the claim, but insisted on his right to occupy for the remainder of his term of five years. On the 9th of April, 1869, the defendant, Allen, together with one Peabody, proceeded to the store and took out one of the windows carefully and went into the store. The plaintiff stood in the street and saw this done, at the same time forbidding defendant from meddling with the premises, but offering no resistance. The plaintiff at this time had the keys to the store but did not surrender them to defendant. After the window was removed, defendant went into the store and remarked immediately, " Now I am in ; help yourself if you can." The defendant then proceeded to make repairs of the tenement and removed plaintiff's goods to another part of the building and the cellar, where they remained about a fortnight, when plaintiff took them away and surrendered the keys. None of the goods were injured, but some of them were exposed to be stolen by the building being open for repairs. The plaintiff was not certain any were taken, but some articles were gone which he left in the store when he removed the goods, some months before.

The foregoing is a statement of the facts as the plaintiff's evidence tended to show them. The defendant's evidence tended to show the facts to be different in several respects, but in no respect more favorable to the plaintiff.

Upon these facts the Court ruled that the plaintiff could not recover, and directed the jury to render a verdict for defendant to recover his costs. To all of which the plaintiff excepted.

*J. D. Stoddard, O. S. & C. C. Burke,* and *T. Bartlett,* for the plaintiff.

Possession taken under a parol lease, void by the statute, creates a tenancy from year to year, and cannot be terminated by either party until the end of the year. N. Y. Common Pleas, 1853. *Taggart* v. *Rosevelt,* 2d E. D. Smith, p. 100. See 8 Howard's Practice. See 3d Vol. N. Y. Digest, p. 641, § 5.

The language of the authorities now is that tenancy at will arises from grant or contract, and that general tenancies are con-

structively taken to be tenancies from year to year.  Preston's Abstract of Titles, Vol. II, page 25.  3 Bur., 1607 and 9.

The moment the tenant is suffered by the landlord to enter on the possession of a new year, there is a tacit renovation of the contract for another year, subject to the rights of distress, and half year's notice to quit must be given prior to the end of the term.  Kent's Com., 4th volume, 111–14, and notes 20, 21, 22 and 24.  See also Ib., 124, notes and review of the case of *Ellis* v. *Page*, 1 Pick., 43.

It is well settled in this State that in all cases where a tenancy from year to year exists by contract or constructively, six months notice must be given, and the notice state the day when the tenant must leave, thus adopting the common law.  2 Aiken, 240, *Hanchett* v. *Whitney*.  1 Vt., 311, the same case reviewed.  22 Vt., 88, *Barlow* v. *Wainwright*.  28 Vt., 410, *Hall* v. *Wadsworth*.

*George C. & George W. Cahoon, Elisha May* and *Ross & Smith*, for the defendant.

Did plaintiff's occupancy for two years under a parol lease for five years ripen into a tenancy from year to year ?  By our statute, plaintiff acquired an estate at will only when the parol contract was made.  Gen. St., 450, §§ 21–7.  In Massachusetts, Maine, and New Hampshire, under a similar statute to ours, under a parol lease for any certain time, the *tenant* at all times is treated and regarded as a tenant at will.  *Ellis* v. *Page et al.*, 1 Pick., 43 ; *Hollis* v. *Pool*, 3 Met., 351 ; Minot's Dig., 432, §§ 3, 5, 6 ; *Davis* v. *Thompson*, 13 Maine, 214 ; *Kelly* v. *Waite*, 12 Met., 300 ; *Whitney* v. *Sweet*, 2 Foster, 10 ; Gen. Sts. N. H., 472, § 5.

At the expiration of a lease for years, no notice to quit is necessary to dissolve the relation of landlord and tenant.  If the tenant holds over after the termination of his lease, and the lessor assents to it, which may be inferred from his silence, the lessee will become tenant from year to year.  *Moshier* v. *Reding*, 12 Maine, 478 ; *Stockwell* v. *Marks*, 17 do., 455 ; *Clapp* v. *Paine*, 18 do., 264 ; Eastman's Dig., 418, § 2.

At common law, a tenant who is let into possession under a conditional promise of a lease does not become a tenant from year

to year.   *Rogers* v. *Pullen*, 29 Com. Law, 745 ; 2 Bing. N. C., 749 ; Index to Com. L., vol. 2, p. 104.

*After two years* the *lessor* or *lessee* might determine the lease, but if the lessee continued to hold longer he became a tenant from year to year.   *Legg* v. *Stroudwick*, 2 Salk., 414, §§ 4 and 6 ; Petersdorff's Ab., vol. 12, p. 83–4, and notes.

It is only by *long continuance* that a tenancy at will, in its inception, becomes a tenancy from year to year, by our decisions. *Hanchett* v. *Whitney*, 2 Aik., 240, (5 years) ; *Barlow* v. *Wainwright*, 22 Vt., 88, (3 years) ; *Hall* v. *Wardsworth*, 28 do., 410, (nearly 3 years).

Plaintiff having occupied but two years under a parol lease, neither at common law nor under the weight of modern authority had his occupancy ripened into a tenancy from year to year. Plaintiff being a tenant at will, no length of notice was required. At common law, a demand of possession terminates a tenancy at will, without any previous notice to quit.   Coke on Litt., 55, § 68. Kent's Com., vol. 4, p. 110, note a ; *Nicholl* v. *McKaeg*, 10 B. & C., 721 ; In. Com. L., vol. 2, p. 105, c., 109, b, citing *Nicholl* v. *McKaeg*, 10 B. & C., 721 ; *Jones* v. *Jones*, 21 Com. L., 303, B. & C., 718 ; *Boston* v. *Cox*, 43 Com. L., 121, 112 B., 122.   See also *Davis* v. *Thompson*, 13 Maine, 209 ; *Currier* v. *Earle*, do., 216 ; Greenleaf Dig., 418, § 3.

Our statute gives a summary remedy to a person entitled to possession, showing that no notice was required in this case. Gen. St., 360, §§ 22, 23.

The case finds that in about a fortnight the plaintiff took his goods away and surrendered the keys.   " Surrender of the key amounts to a surrender by operation of law."   *Davis* v. *Acklom*, 46 Com. L., 672 ; 6 Mann & Granger, 672 ; In. C. L., vol. 2, p. 107, vi. a.   The assignment to Matthews & Pettingill of itself determined the lease.   *Melling* v. *Leak*, C. L., 81, 652, 16 C. B., 652 ; In. C. L., vol. 2, p. 105, c.   A tenant at will has no assignable interest.   45 N. H., 113.

The defendant Allen, being entitled to the possession of the premises, had the right to enter by force, in the absence of the tenant,

and was not a trespasser. ˙ *Turner* v. *Memott*, 8 E. C. L., 450 ; 1 Bing., 158, cited in In. C. L., vol. 2, p. 111, G. ; *Mussey* v. *Scott*, 32 Vt., 82 ; *Yale* v. *Seeley*, 15 do., 221 ; *Hodgden* v. *Hubbard et al.*, 18 do., 504 ; *Richardson* v. *Anthony*, 12 do., 273 ; *Whitney* v. *Swett*, 2 Foster, 10 ; *Jackson* v. *Stanberry*, 9 Wend., 201 ; *Hyatt* v. *Wood*, 4 John., 150 ; *Ives* v. *Ives*, 13 do., 235 ; Kent's Com., vol. 4, p. 118, and cases there cited.

*Dustin* v. *Cowdry*, 23 Vt., 635, modifies the New York cases so far only as to the right to eject by force a man with his family and effects, in actual occupation, turning the family into the street. The case at bar being free from that question, the general doctrine of those cases applies.

The opinion of the court was delivered by

BARRETT, J.   The parol agreement was for five years, the defendant agreeing to give a written lease for that period, but did not.   The rent was to be $160 a year.   Assuming this to have been under that express contract only a tenancy at will, when the plaintiff entered and held possession and paid the rent according to stipulation, the tenancy became converted from one at will to a tenancy from year to year.   This is the doctrine as correctly stated by BENNETT, J., in *Barlow* v. *Wainwright*, 22 Vt., 88, viz : the convertibility of an estate at will into a holding from year to year by the payment of rent.   It is not the length of time that the tenant holds and pays annual rent that works the conversion.   It is wrought by the fact that the tenant enters and holds under a stipulation to pay annual rent, and pays accordingly.   It is needless to repeat a citation of the cases and books on this subject, with comments.   It suffices to refer to 4 Kent's Com., 111, *et seq.*, far·the statement of the law, as the result of the decided cases. When the estate becomes converted to a tenancy from year to year, six months notice of the termination of the tenancy, and looking to the end of the year, is necessary.

Judgment reversed, and case remanded.