· EDWARD BRANT v. ALONZO VINCENT.

*Landlord and tenant — Parol lease — Statute of frauds—Yearly tenancy—Evidence.*

1. The rule that the reservation of an annual rent is the leading circumstance that turns leases for uncertain terms into leases from year to year (*Jackson v. Bradt*, 2 Caines, 169; *Rich v. Bolton*, 46 Vt. 84), is not applicable to a parol tenancy for years, void under the statute of frauds, where the entire rent has been paid in advance.

2. After leasing an hotel and portions of the basement for a term of years, the tenant agreed verbally with his landlord to prepare a room in the basement, not covered by the written lease, for occupancy, in consideration of its use by the tenant during the life of the written lease. The tenant "fitted up the room, and, after occupying it for nearly two years without objection, the landlord, after giving him three months' notice to quit, commenced summary proceedings to recover possession of the room. And it is held that the defendant was a tenant from year to year, and his possession was lawful until the end of the second year.

3. It was competent for the defendant to testify to conversations between the complainant and himself in regard to the room in controversy prior to the execution of the written lease, as bearing upon the subsequent parol agreement.

4. It was competent for the defendant to introduce the written lease in evidence for the purpose of showing the term of the parol lease.

Error to Berrien. (O'Hara, J.) Argued April 10, 1894. Decided May 22, 1894.

Summary proceedings to recover the possession of land. Complainant brings error. Affirmed. The facts are stated in the opinion.

*George W. Bridgman* and *M. L. Howell,* for appellant.

*G. M. Valentine* and *George S. Clapp,* for defendant.

GRANT, J.    Complainant brought summary proceedings under the statute to recover possession of the premises described in the complaint as "that portion of the basement in the Brant block, about 21 feet in width by about 75 feet in length, under what is now the post-office in the city of Benton Harbor, being the south 75 feet of said basement room."

Complainant is the owner of the premises known as the "Hotel Benton Block."    July 21, 1890, he executed a lease to the defendant, for five years, of the hotel and portions of the basement, not, however, including the portion herein dispute.    Defendant held possession of this portion under a parol agreement.    What that agreement was is the main fact in dispute.    Mr. Brant's version is that it was agreed that defendant might prepare the room for occupancy, and use it until complainant needed it for some other purpose. Defendant's version is that he was to prepare it for occupancy, and have possession during the life of his hotel lease, or until July 16, 1895.    The agreement was made about August 1, 1890.    Complainant, under the theory that defendant was a tenant at will, gave defendant three months' notice to quit, and then instituted this suit.    The court instructed the jury that, if they found the agreement as claimed by complainant, he was entitled to recover; if, on the contrary, they found the agreement as claimed by defendant, it was a tenancy from year to year, and his possession was lawful until the end of the second year. Verdict and judgment were for the defendant.

It is conceded that, under the defendant's version, the lease, resting in parol, was void under the statute of frauds. Did it constitute a tenancy from year to year? We think it did. Defendant's testimony tended to show that he immediately performed his part of the agreement, and fitted up the room at an expense of $140. He had been in possession one year, and a greater part of the second, without objection. It is argued, on behalf of the complainant, that there was no annual rent reserved, and therefore, even under the defendant's evidence, the agreement constituted a tenancy at will. It is true that "the reservation of an annual rent is the leading circumstance that turns leases for uncertain terms into leases from year to year." *Jackson v. Bradt*, 2 Caines, 169; *Rich v. Bolton*, 46 Vt. 84. In the latter case many authorities will be found cited. But clearly this rule is not applicable to a parol tenancy for years, void under the statute, where the entire rent has been paid in advance. Under the defendant's evidence he had a lease which, if reduced to writing, would have been valid for five years. He entered into possession of the term. We think there is no well-considered authority holding that he was not a tenant from year to year. The fact that no annual rent is reserved is not conclusive of the character of the tenancy. Where the owner of a farm rented a portion of it by parol for four years, the lessee agreeing to inclose the premises with a fence by way of rent, it was held that a tenancy from year to year was established. *People v. Rickert*, 8 Cow. 226; *Jackson v. Bryan*, 1 Johns. 322; Tayl. Landl. & Ten. § 56.

The court, at complainant's request, instructed the jury that defendant could not claim under any agreement made before the written lease, but only upon a verbal one made afterwards. The court, under objection, permitted evidence of conversations between the parties in regard to this room

prior to the execution of the written lease, and this is alleged as error, on the ground that all prior negotiations were merged in it. This would be true if defendant relied upon the written lease. But the testimony was competent as bearing upon the subsequent parol agreement. Had the defendant relied upon a previous or contemporary agreement, the evidence would have been incompetent.

The introduction of the written lease on the part of the defendant is alleged as error. We do not see how this could have prejudiced the complainant. But, be that as it may, it was competent to introduce it for the purpose of showing the term of the parol lease, which defendant testified was to run to the end of the written lease.

We find no error in the record, and the judgment is affirmed.

The other Justices concurred.