## HOFF v. BAUM.

H. SERVED upon his tenant B., who was occupying under him certain premises at a rent of two hundred and fifty dollars per month, a notice to quit.    Before the time at which, by the effect of the notice, the tenancy would have terminated, B., through a third person, proposed to H. to continue his occupancy at a rent of three hundred dollars, with which proposal H. expressed himself satisfied, but did not in terms notify B. of his acceptance of it.    B. continued to occupy the premises : *Held*, in an action by H. for rent at the rate of three hundred dollars per month, that it must be inferred that the subsequent occupation of B. was with the consent of H., on the basis of the proposal rather than as a trespasser, and that plaintiff was entitled to recover.[o]

APPEAL from the Fourth Judicial District.

The facts are sufficiently stated in the opinion.    Plaintiff had judgment, and defendant appeals.

*James McCabe*, for Appellant.

It is not shown that Baum was ever informed that Hoff was satisfied with the proposition to remain at an increased rent. Plaintiff's assent to it without notifying Baum that he accepted it, does not show that the understanding was simultaneous, reciprocal, mutual, or concurrent. Hence it is no contract. (Story on Cont. 81, sec. 128; *Cook* v. *Oxley*, 3 Term R. 653; 1 Chitty's Plead. 297; *Livingston* v. *Rogers*, 1 Caines, 584; *Tucker* v. *Wood*, 12 Johns. 190; *Keep* v. *Hall & Goodrich*, Id. 397; *Hayes* v. *Warren*, 2 Strange, 933; *Penn., Del. & Md. Steam Nav. Co.* v. *Dandridge*, 8 Gill & Johnson, 248; *Whitall* v. *Morse*, 5 Sergt. & R. 358; *Morrison* v. *Ives*, 4 S. & M. 652.)

The notice to quit terminating the tenancy on the twenty-fifth day of August, 1861, is fatal to this action, because the tenancy being thereby terminated the relation of landlord and tenant did not exist after August 25th, (the time during which rent is claimed) and assumpsit will not lie where that relation does not exist. Action in the nature of trespass for mesne profits is the only remedy. (3 Comyn's Dig., 1st Am. from 5th Lon. ed., Covenant F, 272; *Featherstonbaugh* v. *Bradshaw*, 1 Wend. 134; *Brach* v. *Grey*, 2 Denio, 84; *Birch* v. *Wright*, 1 Term R. 378; *Jackson* v. *Sheldon*, 5 Cowen, 348; *Smith* v. *Stewart*, 6 Johns. 46; *Bancroft* v. *Wardwell*, 13 Id. 489.)

No presumption of a new leasing is raised by the continued occupation of Baum. (*Ballentine* v. *McDowell*, 2 Scammon, 28; *Hemphill* v. *Tevis*, 4 Watts & S. 535; *Boggs* v. *Black*, 1 Binney, 333; *Danforth* v. *Sargeant*, 14 Mass. 491; *Jackson* v. *Tyler*, 2 Johns. 444; *Boston* v. *Binney*, 11 Pick. 1.)

*Cook, Brownson & Hittell*, for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is an action to recover the sum of $1,200 for the use and occupation of certain premises in the city of San Francisco. The complaint sets up an agreement to pay a monthly rent of three hundred dollars for the use of the premises, and the question is whether this agreement has been proved. It appears that the

9

defendant had been occupying the premises at a monthly rent of two hundred and fifty dollars, and that the plaintiff served upon him a notice to quit. The effect of this notice was to terminate the tenancy on the twenty-fifth of August, 1861, previous to which time the defendant proposed to the plaintiff, through the. agency of a third person, to continue his occupancy at a rent of three hundred. dollars. This proposal was communicated to the plaintiff, who expressed himself as satisfied with it, but there is no positive evidence that he notified the defendant of his acceptance. The defendant remained in possession, however, and the inference is that he did so with the consent of the plaintiff, and that the proposal was accepted. We must infer this, or infer that he kept possession against the plaintiff's will and as a trespasser, and of the two inferences we adopt the former.

The judgment is affirmed.