REITHMAN V. BRANDENBURG.

1. Section 1493 of the General Statutes, regarding the change in the terms of a lease, applies to tenancies from month to month, and not to a tenancy for one month.

2. A tenant of demised premises holding over is deemed in law to hold as tenant at the same rent previously paid, if there be no new agreement. But if he has notice from his landlord that, in case he retains possession, he must pay a higher rent, specified as to amount at the time, he must be deemed to assent to such increased rental.

*Error to County Court of Arapahoe County.*

THE case is stated in the opinion.

Mr. JAMES H. BROWN, for plaintiff in error.

Messrs. WALDHEIMER and JENKINS and Mr. L. C. ROCK-
WELL, for defendant in error.

HELM, J.    The tenancy averred and proven by plaintiff
in the court below was for a single month; it was not a
tenancy "from month to month," within the meaning of
section 1493 of the General Statutes.    The provisions,
therefore, of this section regarding a change in the terms
of lease, have no application to the contract now under
consideration.    *Stopplekamp v. Mangeot*, 42 Cal. 316.

If plaintiff's action had been brought under this pro-
vision it could not be maintained; for the notice served
upon defendant was not a proper compliance therewith.
It is not, and was not intended to be, a "notice to quit,"
under section 1504 of the General Statutes.

Plaintiff contends that, in view of the proviso embodied
in the latter statute, no notice was necessary to terminate·
the tenancy existing in this case.    His position is that
this tenancy was, by contract, to end on a day certain,
viz., July 31st; that thereafter he was entitled to the pos-
session without notice; that he then had the right, inde-
pendently of statute, to let the premises to another, or
relet them to defendant on such terms as defendant and
himself might mutually agree upon; and that his notice
to defendant on the 21st of July was in the nature of a
proposition which, by defendant's consent and acquies-·
cence, became binding upon him as a new contract for the
month of August.

We are inclined to agree with plaintiff in error in these·
conclusions.    There is no dispute but that the original
entry and continued possession of defendant was that of
a tenant; and the relation of landlord and tenant existed·
between the parties during the month of August.

The notice in this case was not formal as a proposition·

for a new contract, but it was sufficient to advise defendant that, if he held over after the expiration of the lease, he must pay an increased rental. He made no objection whatever to the increase proposed, quietly remained in possession during the month of August, and must be held to have accepted the conditions of the new contract.

The law on this subject is, in our judgment, correctly stated as follows:

" A tenant of demised premises, holding over after the expiration of his term, is deemed, in law, to hold over as tenant at the same rent he had previously paid, *if no new agreement is made.* But if he has notice from the landlord that, if he retains possession, he must pay a higher rent, specified as to amount at the time, he must be deemed to assent to pay such increased rent." *Mack v. Burt,* 5 Hun, 28, and cases cited. See, also, *Higgins v. Halligan,* 46 Ill. 173; *Hunt v. Bailey,* 39 Mo. 257; *Griffin v. Knisely,* 75 Ill. 41; *Hoff v. Baum,* 21 Cal. 121; *Roberts v. Howard,* 14 E. C. L. R. 648.

A difference will be observed among some of the foregoing cases upon an allied question not here presented. In *Hunt v. Bailey,* it seems to be held that if, upon receipt of the notice, the tenant objects to the terms increasing his rent, and indicates an intention not to pay, although he continues to hold the possession of the premises without any further correspondence with his landlord, he will not be liable for such increase; while in *Griffin v. Knisely,* the court declare that by such continued possession after objection, he will be deemed to have changed his mind and acceded to the new condition.

No such objection was made by defendant until the month expired, and, therefore, we are not now required to express an opinion upon this particular question.

The situation of defendant in the case before us is analogous to that of one who, "contemplating entering into possession of the lands of another, to occupy for use, is informed by the lessor that he can do so upon

terms stated,   *   *   *   and the party thereafter makes entry, occupies and uses the land."

Upon principle, the same rule should govern both cases. But this court has said, in the latter case, that "it is a good acceptance of the terms proposed, and he will become thereby bound, under an implied contract, to pay the sum named." *Dickson v. Moffat*, 5 Col. 114.

As already suggested by the pleadings and proofs, we are advised that plaintiff is treating defendant as a tenant under an implied contract of rental. Upon the expiration of the lease for July, plaintiff elected not to regard defendant as a trespasser, but to continue the tenancy under the new conditions theretofore proposed.

Entertaining these views, it follows that we must reverse and remand the cause.

*Reversed.*