The Illinois Central Railroad Company

*v.*

Theodore W. Thompson.

*Filed at Mt. Vernon January 25, 1886.*

1. Use and occupation—*when liability therefor arises.* If a party continues to occupy and use premises after being notified by the owner that if he does so he will be expected to pay rent, the occupant will thereby become liable to the owner for the use and occupation.

2. Notice to agent—*whether notice to principal.* A railway company is bound by notice to an agent having a general supervision and control of a particular branch of its business, in respect to a matter within the scope of his authority.

3. Appeal—*reviewing the facts.* Where there is evidence tending to show a right of recovery in an action at law not involving a freehold or a franchise, and a judgment in favor of the plaintiff is affirmed by the Appellate Court, this court has no power, under the statute, to pass upon the sufficiency of the evidence.

4. Same—*for what purpose this court may examine the evidence.* This court may, however, look at the evidence in an action of assumpsit, to ascertain whether or not there is any evidence tending to establish a proposition upon which an instruction is predicated.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Union county; the Hon. D. M. Browning, Judge, presiding.

Messrs. Green & Gilbert, for the appellant:

Our statute of 1845, concerning landlord and tenant, so far as it gave a right of action, was as follows: "In all cases in which rent may be due and in arrears on a lease for life or

lives, and where land shall be held and occupied by any person without any special agreement for rent, it shall and may be lawful for the owner or owners of such lands," etc. Rev. Stat. 1845. chap. 60.

The case of *Dudding* v. *Hill*, 15 Ill. 61, the case of *McNair* v. *Schwartz*, 16 id. 24, and likewise the case of.*Oakes* v. *Oakes*, 16 id. 106, were all decided under the statute of 1845, above quoted.

The present statute gives an action for rent when due on a lease for life or lives, and when lands are held and occupied by any person without any special agreement for rent.

The action for use and occupation is founded upon contract, express or implied. The relation of landlord and tenant must exist. *Dudding* v. *Hill*, 15 Ill. 62; *McNair* v. *Schwartz*, 16 id. 25; *Greenup* v. *Vernon*, id. 26; *Hadley* v. *Morrison*, 39 id. 398; *Benjamin* v. *Benjamin*, 5 N. Y. 388.

Mr. A. D. Duff, for the appellee, after reviewing the evidence, claimed that the facts shown raised an implied promise on the part of the appellant to pay rent,—citing *Oakes* v. *Oakes*, 16 Ill. 106.

Mr. Justice Tunnicliff delivered the opinion of the Court:

This was an action of *indebitatus assumpsit*, brought by appellee, against appellant, to recover for the use and occupation of a certain piece of land used by appellant in obtaining a supply of water for its engines at Makanda. The case was twice tried before a jury, resulting each time in a verdict for appellee, and upon the last trial a judgment was rendered in his favor for $300, which was affirmed by the Appellate Court for the Fourth District, and is brought to this court by appellant, two of the judges of the Appellate Court having certified that the case involved questions of such importance that it should be passed upon by this court.

It is not claimed by counsel for appellant that any errors were committed by the trial court, either in the giving of instructions on behalf of appellee, or in refusing or modifying those asked for appellant. Nor is any objection made to any ruling of the court touching the admission of evidence. We are asked to reverse the case solely on the ground that the evidence in the case was not sufficient to establish the relation of landlord and tenant between appellant and appellee as to the premises used by appellant, and that without this, appellee was not entitled to recover. It is very properly conceded by appellant's counsel that we have no power to pass upon controverted questions of fact. That power is vested in the trial and Appellate courts, but not in this. We may look at the evidence, in cases of this character, simply to ascertain whether or not there is any evidence tending to prove a proposition upon which instructions to the jury have been predicated.

The appellee testified on the trial that he had notified agents of the appellant that the company was occupying his premises, and that he should expect it to pay him rent therefor, against which neither of these agents made any protest or objection, or disclaimed authority to bind the company in that behalf. This was some years before suit was brought, but the company continued to use the property the same as before. One of the agents thus notified was a Mr. Hilton, who was at Makanda to look after the company's pumps, and see about fixing the water works, engines, etc.; another was a Mr. George Stewart, who was supervisor of the tracks, and another was Mr. J. S. Shaw, who was the supervisor of water works for the appellant, and had been since 1856, and himself put the pipes in, and the ice house upon appellee's land. This evidence was received without objection, and although two of these parties, Hilton and Shaw, were introduced as witnesses by appellant, there was no attempt made to prove by them that they were not authorized by the company to

contract on its behalf to pay for the use of premises to be used by the company for the purposes for which this property was used. If they had no such power, it would have been a very easy matter for the appellant to have proved it. It was a fact peculiarly within the knowledge of the officials of the company, and the fact that they offered no evidence on this subject, tends strongly to the inference that these parties, or some of them, did have the power to bind the company in this regard. Corporations do all their acts through agents, and where, as in this case, one is shown to have had the general supervision and control of a particular branch or department of its business for many years, and he is notified by the owner of property that if the corporation continues to use his property in that particular department or branch of business, such owner will expect it to pay him rent therefor, and it continues to use the property thereafter, without objection from this or any other of its agents, that this evidence, in the absence of any other to show that such agent was not authorized and had no power to assent to such use and payment of rent, tends, at least, to show that the relation of landlord and tenant exists, we have no doubt. There being evidence then tending to establish this fact, we have no power, under our present statutes, to pass upon its sufficiency.

That a party who continues to occupy premises after being notified by the owner that if he does so he will be expected to pay rent, thereby becomes liable therefor, does not seem to be controverted, and, indeed, could not be, under repeated decisions of this court. See *Griffin* v. *Knisely*, 75 Ill. 411; *Higgins* v. *Halligan*, 46 id. 173.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*