# CASES

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—MAY TERM, 1886.

### WILLIAM A. BOLEY
### v.
### BARNARD BARUTIO.

*Landlord and Tenant—Tenants in Common—Rent—Implied Contract—Notice—Evidence—Error without Prejudice.*

1. The mere occupancy of the entire property by one of two tenants in common does not render him liable to account to his co-tenant for rent.

2. The relation of landlord and tenant is not as readily inferred between co-tenants as between strangers, and whether such relation exists is a question of fact for the jury.

3. A promise by a co-tenant, occupying the entire property, to pay rent, may be implied.

4. Where one occupies the premises of another after receiving notice that he will be required to pay rent, he will be bound to pay such rent.

5. An error in the admission of evidence, which could not have injured the appellant, is not a sufficient ground for a reversal of the judgment.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Tazewell County; the Hon. N. W. GREEN, Judge, presiding.

Mr. WILLIAM DON MAUS and B. S. PRETTYMAN, for appellant.

There can be no recovery at law by one tenant in common against his co-tenant, who merely occupied the premises which both are entitled to possess.

To render one co-tenant liable to another for rent, or use and occupation, there must be something more than occupancy of the estate by one and a forbearance to occupy by the other. The co-tenant, who merely occupies the estate, does no more

(515)

than he has a right to do on his own account.   1 Washburn on Real Property, 2d Ed. 436; Sargent v. Parsons, 12 Mass. 149; Calhoun v. Curtis, 4 Met. 413; Chapin v. Foss, 75 Ill. 280; Sconce v. Sconce, 15 Ill. App. 169.

Mr. T. N. GREEN, for appellee.

WALL, J.   This was an action of assumpsit for use and occupation of a warehouse.   The verdict was for plaintiff, for $1,020.17, upon which judgment was entered.

The plaintiff and defendant were tenants in common of certain lots in the city of Pekin, upon which they built an ice house at their joint expense.   The plaintiff lives in St. Louis, the defendant in Pekin.   According to the testimony of the plaintiff, a partition was run through or across the house in the year 1875, and thereafter, by mutual understanding of the parties, the south half was occupied by the plaintiff and the north half by defendant.   The defendant had charge of filling the house with ice each year and was paid by plaintiff for filling his part at certain rates per ton.   This continued for several years, and until December, 1882, when the plaintiff, learning that defendant was putting up inferior or thin ice, notified defendant not to put up any more such.   Defendant had the plaintiff's part about two-thirds filled when this notice was given and drew upon the plaintiff therefor, but the draft was not paid.   Plaintiff says he notified defendant in 1883, after he put up the thin ice, that he would charge him rent for his half of the house.   Defendant continued to use the whole house thereafter, and it is for this use of plaintiff's part the present suit is mainly brought.   A small item for tax and insurance paid a second time constitutes a part of plaintiff's demand, but as to this there seems to be no controversy, and the only item in dispute is the rent.

There was some conflict as to the rental value of the ice house, and there was a sharp difference between the plaintiff and defendant as to the object and purpose of the partition dividing the building and as to the subsequent understanding of the parties.   The defendant denied that he had been notified by plaintiff that rent would be charged for the south half.

Boley v. Barutio.

Where two men own property in common, the mere fact that one occupies the whole property, does not render him liable to account to his co-tenant for rent, and generally the action for use and occupation will not lie unless the relation of landlord and tenant exists. The action is founded upon contract, express or implied. Dudding v. Hill, 15 Ill. 61; McNair v. Schwartz, 16 Ill. 24. But when it does not appear that the party is an intruder or trespasser on land, or that he holds it against the will of the owner, or that he is to enjoy it without payment of rent, the law will imply an agreement to pay reasonable rent therefor. Oakes v. Oakes, 16 Ill. 106.

The law will, in a proper case, imply such an agreement between co-tenants, though the relation of landlord and tenant would not be so readily inferred from occupation, in the case of a co-tenant, as in that of a stranger, and whether such relation existed would be a question of fact for the jury. Chapin v. Foss, 75 Ill. 280.

Where one occupies the premises of another after being notified that if he does so he will be expected to pay rent, he is bound to pay such rent. I. C. R. R. Co. v. Thompson, 116 Ill. 159.

Applying these principles to the case as stated by the plaintiff, and as his evidence tended to prove, the verdict is right. While there was conflict in the testimony, it was the province of the jury to harmonize, if they could, and if not, to give credit to that which they believed the more worthy of it. We can not say that by this verdict any injustice has been done. On the contrary, we are inclined to believe it is in accordance with the merits of the case.

The action of the court in giving, modifying and refusing instructions, was in harmony with the views above expressed, and we find no error in that respect.

It is urged with some force that the court erred in admitting a letter written by D. C. Boley, who was the brother and at the time the agent of defendant in the transaction of many business matters, including, perhaps, this. The defendant denies that he authorized or knew of this letter, nor is it clear in what way it can be regarded as a part of anything

done by the agent in behalf of his principal.   We are, there-
fore, inclined to hold the letter was not properly admitted;
but the only part of it which relates to this controversy is a
statement that the defendant had filled the house partly with
thin ice, but had stopped, because so notified by the plaintiff.
We do not understand that this was denied by the defendant,
and it would follow the admission of the testimony, if error,
was not prejudicial, and should not work a reversal.   The
whole record considered, we have no doubt that if the jury
properly weighed the proofs, as it is to be presumed they did,
the verdict would have been the same if this letter had been
excluded.   The judgment will be affirmed.

*Judgment affirmed.*