### Board of Directors, Chicago Theological Seminary, v. Chicago Veneer Co.

1. LANDLORD AND TENANT—*Election of the Landlord Where the Tenant Holds Over.*—A tenant for years who holds over after the expiration of the term, becomes either a trespasser or a tenant, at the option of the landlord. He has no election; his mere continuance in possession fixes him as a tenant for another year if the landlord thinks proper to insist upon it.

2. SAME—*Implied Tenancies.*—The doctrine of implied tenancies from year to year upon a holding over is distinctly recognized in this State, and the legal presumption from such holding over, of a renewal of the tenancy, can not be rebutted by proof of a contrary intention on the part of the tenant alone.

3. SAME—*Estoppel to Insist on Penalties.*—Where a tenant, holding over under a lease from year to year, with rent payable monthly in advance, etc., providing for a penalty of ten dollars a day as liquidated damages, pays a month's rent, which is accepted, his landlord is by such acceptance precluded from insisting upon the penalty mentioned in the lease.

**Distress for Rent.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed April 16, 1901. Mr. Justice SHEPARD dissenting.

DAVID FALES, attorney for appellant.

BATES & HARDING, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.
Appellee was the occupant, under a written lease from

appellant, of certain premises therein described, for a term commencing May 1, 1897, and expiring April 30, 1899. The rent was payable in monthly installments of $166.66 in advance, upon the first day of each month. The said lease contained the following clause:

"Eighth.    At the termination of this lease, by lapse of time or otherwise, to yield up immediate possession to said party of the first part, and failing so to do, to pay as liquidated damages, for the whole time such possession is withheld, the sum of ten dollars per day; but the provisions of this clause shall not be held as a waiver by said first party of any right of re entry as hereinafter set forth; nor shall the receipt of said rent, or any part thereof, or any other act in apparent affirmance of the tenancy, operate as a waiver of the right to forfeit this lease and the term hereby granted for the period still unexpired, for any breach of any of the covenants herein."

After the expiration of the term specified in the lease, appellee continued in possession, and vacated the premises July 2, 1899. The claim is now made in behalf of the said tenant, that, notwithstanding thus holding over, it became liable only for the penalty of $10 a day provided for in the above quoted eighth clause of the lease, and not for the full annual rental for the new year's term.

The question for determination is whether appellee became liable for the rent of the premises for an additional year at the same rental, by holding over and paying the stipulated monthly rent for the first month of the new term.    The case was submitted to the court, and it was held that appellee was not liable for another year's rent, but only for the penalty of $10 a day for the time it retained possession.    From the judgment thus rendered this appeal is taken.

The general rule is stated in Taylor's Landlord and Tenant, 7th Ed., Sec. 22, as follows: "A tenant for years who holds over after the expiration of the term becomes either a trespasser or a tenant at the option of the landlord.    The tenant has no election; his mere continuance in possession fixes him as a tenant for another year if the landlord thinks proper to insist upon it.    And the right of the landlord to

continue the tenancy will not be affected by the fact that the tenant refused to renew the lease and gave notice that he had hired other premises." This quotation is cited in the opinion by Mr. Justice Sheldon in Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151, and it is there said: "The doctrine of implied tenancies from year to year upon a holding over, is distinctly recognized in this State." And it is further said (p. 165) that "The legal presumption from the holding over a renewal of the tenancy can not be rebutted * * * by proof of a contrary intention on the part of the tenant alone."

In the present case it is conceded by appellee's attorneys that "in the absence of any provision in the lease fixing a penalty for the holding over, and in the absence of any agreement between the parties, the lessor would have the election either to treat the lessee as a trespasser and collect double rent under the statute for the time the premises were wrongfully held, or to consider such lessee a tenant for another year upon the same terms" as before.

It is claimed by appellee that there was in the case at bar an agreement between the parties that "it was not the intention or desire of the appellee to remain in the premises longer than a limited time after the expiration of the lease." Appellee therefore sought to ascertain the terms upon which it might remain in possession until convenient to remove to new quarters, and it is claimed that appellant agreed that it might so remain upon payment of the penalty of $10 per day as provided in the said eighth clause of the lease. It is urged that there is evidence tending to show that appellant's treasurer and agent did so state over the telephone in answer to a query as to the terms upon which appellee might temporarily hold over. On the other hand it is denied that what was said is properly open to such interpretation. However that may be, appellee's president thereupon wrote to appellant's said treasurer, as the letter states, "to see if you will not let us stay for one month or two months at the rental we are now paying." It is evident that this was not an acceptance of the alleged

proposition, if any such there was, to allow appellee to remain over at the rate of $10 a day. It was not in so many words an explicit rejection, it is true; but the letter did not in any way indicate what appellee would do if it could not get better terms than the penalty fixed in the lease. It did not even indicate that appellee would remain over at all if it had to pay the prescribed penalty according to the eighth clause of the lease. It does not appear that appellee ever did agree to remain over or indicated any intention so to do upon such terms. Nine days thereafter, nothing meanwhile having passed between the parties, appellant sent the following letter:

"Chicago, April 27, 1899.

Chicago Veneer Co., Nos. 595–513 West Kinzie street, Chicago.

Gentlemen: Yours of the 18th inst. at hand. I am directed to say that we will not make any changes in the terms of the lease by which you occupy the premises known as 505–513 West Kinzie street.

The lease will expire on the 30th inst. at which time you are expected to turn over the property to us in as good condition as when received by you, ordinary wear and tear excepted.

Inasmuch as you have had this matter of your removal under consideration for the last six months, it seems to me that it is time that you should have decided what you are going to do. I can only say that it is not yet too late to renew the lease on terms previously stated to you if you so desire. If the lease is not renewed, we shall expect you to comply with the conditions in the lease you now hold.

Yours truly,

H. W. Chester, Treasurer."

We can not agree with appellee's attorneys that any presumption arises from these conceded facts to the effect that appellee had, as is now claimed in their brief, accepted and acceded to the terms proposed by the appellant and had become bound by any new agreement to pay $10 per day for each day during which it occupied the premises in question. On the contrary the presumption would rather be that appellee declined to accept such terms, assuming that by the telephone conversation in question, such proposition was intended

to be made, or was made, which is at least doubtful. It does not follow from the mere fact of holding over that appellee acquiesced in any new terms assumed to have been proposed by appellant. The case is not that of a landlord notifying a tenant that if he remained another year he must pay an increased rent. In such case the holding over would be deemed an acquiescence in the new terms. But here the tenant was notified only that if it did hold over temporarily the penalty provided in the lease would be exacted, not that any new arrangement would be made; and afterward, three days before the expiration of the term, appellee was told in writing that appellant expected the premises to be vacated at the end of the term, and that no change would be made in the terms of the written lease. If any new proposition be deemed to have been made in the telephone conversation referred to it was thus explicitly withdrawn before the new term began and before such proposition was accepted by appellant. In fact, as we have said, no suggestion of acceptance ever was made. The cases of Higgins v. Hallagan, 46 Ill. 176, and Griffin v. Knisely, 75 Ill. 411, are not in point.

If, however, there be any doubt from the phraseology of the letter of April 27th, above quoted, as to what appellant's meaning was, there can be no doubt as to the construction and the legal force and effect of the communications that followed. Appellee did remain over, and a month later sent a check with the following letter:

"CHICAGO, June 2nd, 1899.

Inclosed find check for $166.66 rent for month of May, 1899, of premises 505–513 West Kinzie street. Please acknowledge receipt of same.

Very truly yours,
CHICAGO VENEER CO."

And the plaintiff sent a receipt therefor, as follows:

"JUNE 3rd, 1899.

Received from the Chicago Veneer Company, $166.66, rent for May, 1899, for Nos. 505–513 West Kinzie street.
H. W. CHESTER, Treasurer."

This sum of $166.66 was the monthly rent stipulated in

the lease under which appellee had been in possession of the premises for the preceding two years. It is, we think, clear, that the only construction to be placed upon these communications is, that appellee declined to be considered liable for the month of May at the rate of the $10 a day, the prescribed penalty of the lease, but offered to pay the regular monthly rental as theretofore. This offer was accepted by the landlord in the written receipt for rent for the first month of the new year; and by this acceptance appellant was precluded from insisting upon the penalty of $10 a day, and indicated its acceptance of appellee as tenant for another year upon the terms of the old lease. Ins. Law & Building Co. v. The Nat. Bank of Missouri, 71 Missouri, 58. Under the law as hereinbefore stated, the tenant had no election thereafter; "his mere continuance in possession fixes him as a tenant for another year if the landlord thinks proper to insist upon it; " and " the legal presumption from the holding over, of a renewal of the tenancy, can not be rebutted  *  *  *  by proof of a contrary intention on the part of the tenant alone." Clinton Wire Cloth Co. v. Gardner, *supra*.

There were several propositions of law presented by the attorney for appellant, substantially in accord with the views above expressed, which were, we think, erroneously refused by the trial court. The evidence fails to show any new agreement between the parties. It shows on the contrary that appellee was anxious to make a new agreement by which it could remain over without being obliged to pay the penalty prescribed in the eighth clause of the lease, or become liable for the rent for an additional year. On the other hand appellant apparently desired to have its tenant remain another year. No new agreement was made between them, however, and the landlord retained, therefore, the option either to treat appellee as a trespasser or as a tenant holding under the terms of the original lease. Wood on Landlord and Tenant, Sec. 13, 2d Ed. (cited by appellee's attorneys as applicable to this case). The landlord elected to treat appellee as a tenant, as it had a legal right to do.

The judgment of the Circuit Court must be reversed and the cause remanded.

Reversed and remanded.

SHEPARD, P. J.:  I can not agree either to opinion or conclusion as applied to the facts of this case.