WILLIAMS, Respondent, vs. FOSS-ARMSTRONG HARDWARE COMPANY, Appellant.

*March 12—March 31, 1908.*

*Evidence: Sufficiency: Landlord and tenant: Holding over: Increased rent: Acquiescence by silence.*

1. In an action to recover rent a witness testified that he notified the lessee that double rent would be charged in case he held over after the expiration of the lease, and that the lessee said nothing evincing dissent from the terms prescribed. *Held,* that the fact that the witness stated he did not remember what

was said by the lessee in reply did not render contrary to the evidence a verdict for the lessor, on the theory that the lessee consented to the terms by silence.

2. Where, before the expiration of a tenancy for a year under a written lease, the lessor notifies the lessee that if he holds over after the term a specified additional rate of rent will be charged for a new term of one year, and the offer to allow a holding over on such terms is not withdrawn, and such holding over occurs without dissent from the offer at or before the commencement thereof, a new contract thereby arises corresponding to the old one except as to an increase of the rate of rent in accordance with the notice.

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

Action to recover $150 alleged to be due for rent of certain real estate in the city of Hudson, Wisconsin.

The cause was tried without a jury and the issues raised by the pleadings sufficiently appear from the following brief summary of the findings: September 15, 1905, plaintiff, being then the owner of certain real estate described in the complaint, entered into a written agreement whereby she agreed to lease such real estate to defendant for the term of one year for the sum of $300 payable in advance. Some time during the month of February or March succeeding and again in June or July, plaintiff notified defendant that in case of the latter desiring to occupy the premises after the expiration of the lease it would be required to pay double the amount of rent formerly paid. At neither time did defendant manifest any dissent to the new condition. It continued to occupy the premises after the expiration of the lease. October 13, 1906, it attempted to turn over possession to plaintiff by delivering the key of the premises to her, which she refused to receive. September 19, 1906, plaintiff demanded the rental due for the quarter and thereby elected to renew the lease for one year from September 15, 1906, upon the terms of the written lease as modified by her notifi-

cation that the rent would be doubled after the first year. No part of the rent for the quarter succeeding September 15, 1906, has been paid and there is now due and payable the sum of $150. Upon such facts the court found as a conclusion of law that, by defendant occupying the premises after the 15th day of September, 1906, upon the election of plaintiff, the former became the tenant of the latter for the term of one year from September 15, 1906, at a yearly rental of $600 per annum, payable quarterly in advance. The court thereupon rendered judgment in plaintiff's favor for $150, and from the judgment so rendered defendant appealed.

For the appellant there was a brief by *John E. Foley* and *F. M. White,* and oral argument by *Mr. White.*

For the respondent there was a brief by *Albert Anderson* and *John L. Gleason,* and oral argument by *Mr. Gleason.*

MARSHALL, J. The first question suggested for consideration has reference to whether error was committed in the reception of evidence. That turns on whether the proposition of law hereafter stated was rightly decided in respondent's favor.

It is claimed that the finding of fact as to notice to the tenant that if it occupied the leased premises after the one-year term provided for in the written lease double rent would be charged for a new term of one year, and silence on its part as to whether it would submit to such terms notwithstanding it did continue to hold the premises after the first year expired, is contrary to the evidence. As we read the record such claim cannot be sustained. We find considerable evidence supporting the finding. It is unnecessary to refer thereto in detail. Counsel puts much stress on the testimony of the witness who gave evidence of having notified appellant that double rent would be charged in case it should desire to and remain in the occupancy of the prem-

ises after the expiration of the term and such witness stated that he could not remember what was said in reply. But we find the witness testified right in connection therewith, very positively, that the person to whom the notification was given did not say anything evincing dissent from the terms prescribed.

There is left for solution as matter of law this proposition: If before the expiration of a tenancy for a year under a written lease the landlord notifies the tenant that if he holds over after the term a specified additional rate of rent will be charged for a new term of one year, and the offer to allow a holding over on such terms is not withdrawn and such holding over occurs without dissent from the offer at or before the commencement thereof, does a new contract thereby arise corresponding to the old one except as to an increase of the rate of rent in accordance with the notice?

The trial court decided the stated proposition in the affirmative. Appellant's counsel maintains the negative. Several suggestions are made and authorities cited in support of such negative which do not need to be more than mentioned, as they are outside the precise question at issue.

The case does not involve a notification that a specified increased rate of rent will be charged for a hold-over period not made till after such period commences. It does not involve such a notification made before the commencement of the hold-over term and such commencement under protest, evincing nonassent to the new condition. It does not involve the making of a verbal lease for a year to commence in the future, since the new contract, if one were made, was not completed till acceptance of the offer to allow a holding over under prescribed new conditions, which did not occur till the new term was entered upon. Neither does the case involve any question as to changing a written contract by parol, but only that of making a contract partly in writing and partly by parol for a new lease for one year.

Eliminating all of the matters which are immaterial as aforesaid and coming to the precise matter for decision we find that the question is a very simple one, in respect to which there is substantially no conflict in the authorities under statutory conditions like ours.

In *Appleton W. W. Co.* v. *Appleton,* 132 Wis. 563, 113 N. W. 44, this court expressly recognized the distinction between a notification changing the terms of a lease during a hold-over period and one given before the commencement of such period, in these words:

"The landlord could not, after having elected to treat the tenant as holding over, and by mere notice that he would exact a different rental given without reference to the expiration of the lease year, impose a higher rental upon the lessee, or change in any manner the contract of the lessee who merely continued to occupy for the remainder of the term, as was his right at the time of such notice under existing contract relations. There are cases holding that by notice given before or at the expiration of the term, to the effect that the lessee, if he continue in possession after the expiration of such term, will be charged a higher rent, naming the sum, and silent acquiescence and continuance in possession by the defendant, a new lease is created on the terms of such notice. 2 Taylor, Landl. & T. (8th ed.) § 525, and cases; Wood, Landl. & T. sec. 13."

The authorities in line with those thus referred to are very numerous. The following are but a few of them: *Amsden* v. *Floyd & B.* 60 Vt. 386, 15 Atl. 332.; *Reithman* v. *Brandenburg,* 7 Colo. 480, 4 Pac. 788; *Higgins* v. *Halligan,* 46 Ill. 173; *Griffin* v. *Knisely,* 75 Ill. 411; *Ill. Cent. R. Co.* v. *Thompson,* 116 Ill. 159, 5 N. E. 117; *Galloway* v. *Kerby,* 9 Ill. App. 501; *Directors Theological Sem.* v. *Chicago V. Co.* 94 Ill. App. 492; *Hoff* v. *Baum,* 21 Cal. 120; *Brinkley* v. *Walcott,* 10 Heisk. 22; *Despard* v. *Walbridge,* 15 N. Y. 374; *Hunt* v. *Bailey,* 39 Mo. 257; *Gardner* v. *Board of Co. Comm'rs,* 21 Minn. 33; *Moore* v. *Harter,* 67 Ohio St. 250, 65 N. E. 883.

In *Moore v. Harter, supra,* the conclusion of the court was thus decisively stated:

"If, before the beginning of another year, the landlord notifies the tenant that the rent will be increased and the latter nevertheless holds over into another year, to that extent the original lease will not apply, but it will be applicable in all other respects. The reason of this is that the tenant must be presumed to have assented to the change. The authorities are numerous and conclusive on this point."

That states the rule as we understand it as regards the precise situation presented here.

The following further quotations from judicial sayings show that the rule above stated is regarded as elementary:

"Here" was "a direct proposition from the owner of the reversion to the tenant in possession for a renewal of his lease, and this proposition is met by continued occupation without other reply. This, I think, laid the foundation for an implied contract. It was in law, a virtual assent to the terms prescribed in the notice." *Despard v. Walbridge, supra.*

"He not objecting" to the notice "but" continuing "in the possession, no argument or authority is needed to show the extent of his liability under such circumstances. The inference is irresistible that he was content to hold at the increased rent, and his assent thereto will be implied." *Higgins v. Halligan, supra.*

"His silence on the subject is tantamount to his saying, I will continue in on the terms of your proposal." *Roberts v. Hayward,* 3 Carr. & P. 432.

*By the Court.*—The judgment is affirmed.